UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINGH MANAGEMENT
CO., LLC, *et al.*,

        Plaintiffs,                     Civil Action No. 21-cv-12188
                                             HON. BERNARD A. FRIEDMAN

vs.

SINGH MICHIGAN
HOMES LLC, *et al.*,

        Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR
RECONSIDERATION AND DENYING BOTH PLAINTIFFS' MOTION
FOR LEAVE TO FILE A RESPONSE AND DEFENDANTS' MOTION TO
FILE A REPLY AS MOOT**

I.     Introduction

     Singh Management Co., LLC ("Singh Management") and several related business entities owned by the Grewal family (collectively, "plaintiffs") commenced this action against defendant Darshan Singh Grewal ("Darshan"), a nephew of the Grewal family, along with several real estate businesses that he operates (collectively, "defendants"). The complaint alleges federal and state causes of action for trademark infringement, unfair competition, and false designation of origin, as well as violations of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

Before the Court is defendants' motion for reconsideration of the Court's

October 25, 2021 order issuing preliminary injunctive relief. (ECF No. 33).

Plaintiffs requested leave to file a response. (ECF No. 34).  Defendants requested

leave to file a reply. (ECF No. 35).  The Court will decide the motions without oral

argument pursuant to E.D. Mich. LR 7.1(h)(2).[1]  For the following reasons, the Court

shall (1) deny defendants' motion for reconsideration, and (2) deny both plaintiffs'

motion for leave to file a response and defendants' motion for leave to file a reply

as moot.

II.    Background

The Court assumes the parties' familiarity with the history of this internecine

trademark dispute over the use of the surname "Singh" in the advertising, promoting,

offering, and selling of their respective real estate services.  The factual background

may be gleaned from the Court's orders in the initial round of litigation between the

Grewal family and Darshan. (Case No. 15-11478, ECF No. 60, PageID.2987-90;

ECF No. 114, PageID.5430-39).  That case concluded when the Court issued an

amended judgment on November 20, 2020, enjoining Darshan and his associated

entities "from using the name 'Singh' alone as the only identifying proper noun used

to describe their business." (Case No. 15-11478, ECF No. 115, PageID.5442).

---

[1] The Eastern District of Michigan amended its local rules effective December 1, 2021.  The Court will follow the version of the local rules that applied when defendants filed their motion.

Shortly after filing this second lawsuit, plaintiffs moved (1) to hold defendants in civil contempt, (2) to modify the injunctive relief in the November 20, 2020 amended judgment, or alternatively, (3) for a new preliminary injunction pending the disposition of the current litigation. (ECF No. 11).  The Court held a hearing on the motion on October 21, 2021.  In its October 25, 2021 order, the Court granted the portion of the motion seeking a new preliminary injunction. (ECF No. 30). Defendants now move for reconsideration of that order pursuant to E.D. Mich. LR 7.1 and Fed. R. Civ. P. 59(e). (ECF No. 33).

III.    Legal Standards

Local Rule 7.1(h)(3) provides that:

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

"A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (internal quotation marks omitted).  Under Fed. R. Civ. P. 59(e), "[a] court may grant a . . . motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Reconsideration motions are not vehicles for presenting arguments that could

have been raised before the Court decided the original motion. *See Roger Miller*

*Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

IV.   Analysis

Defendants' reconsideration motion falls far short of the necessary showing

under Local Rule 7.1(h)(3) and Rule 59(e).  Because Defendants rely heavily on

arguments that they already raised, as well as those they simply neglected to raise in

the first place, none of them justify reconsidering the October 25, 2021 order. *See*

*Gulley v. County of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) ("A Rule 59(e)

motion is not properly used as a vehicle to re-hash old arguments or to advance

positions that could have been argued earlier, but were not.").

Defendants' other contentions are unpersuasive.  Contrary to their view,

neither *res judicata* (a/k/a "claim preclusion"), collateral estoppel (a/k/a "issue

preclusion"), nor the law-of-the-case doctrine may limit the scope of injunctive relief

available in this case to those activities proscribed in the November 20, 2020

amended judgment. (Case No. 15-11478, ECF No. 115, PageID. 5442).

The amended judgment does not preclude the Court from issuing new or

expanded injunctive relief on *res judicata* grounds because the present infringing

conduct had not yet occurred by November 20, 2020. And "res judicata does not

apply to claims that were not ripe at the time of the first suit." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529-30 (6th Cir. 2006); *see also Katt v. Dykhouse*, 983 F.2d 690, 694 (6th Cir. 1992) (reversing the district court's dismissal of an unripe constitutional claim because it misapplied *res judicata* principles).

The collateral estoppel doctrine points to the same conclusion.  Parties may invoke collateral estoppel where:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005).

Defendants cannot meet the first, second, and fifth prongs of the collateral estoppel test because the infringing conduct alleged in this case post-dates the November 20, 2020 amended judgment.  Consequently, the issues raised here cannot possibly be identical to the ones raised in the prior case (prong one); they could not have been actually litigated and decided in the prior litigation (prong two); and plaintiffs could not have had a "full and fair opportunity" to litigate them, as the alleged trademark violations had yet to occur (prong five). *See Pfeil v. State St. Bank & Trust Co.*, 671 F.3d 585, 601 (6th Cir. 2012) (rejecting collateral estoppel defense where claims arose "several months after" the prior dismissal order); *Bronson v.*

*Board of Education*, 687 F.2d 836, 841 (6th Cir. 1982) (holding that collateral estoppel strictly applies to issues that were decided prior to the date of the earlier judgment).

The law-of-the-case doctrine is just as unavailing. "Unlike claim or issue preclusion . . . the law-of-the-case doctrine is not used to prevent relitigation of the same issues across *different* cases." *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 339 (6th Cir. 2016) (emphasis added). "The purpose of the law-of-the-case doctrine is to ensure that the *same* issue presented a second time in the *same* case in the *same* court should lead to the *same* result." *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015) (quotation omitted) (emphasis in original); *see also* 18B Charles Alan Wright et al., Federal Practice & Procedure: Jurisdiction & Related Matters § 4478 (2d ed. Apr. 2021 Update) ("Law-of-the-case rules . . . do not apply between *separate* actions, even if they are related.") (emphasis added). Because plaintiffs commenced a new and separate action, the law-of-the-case doctrine in no way curtails the injunctive relief this Court may fashion to address the infringing conduct alleged in the present suit.

Defendants further assert that the October 25, 2021 order conflicts with the November 20, 2020 amended judgment's injunctive relief provisions, and as a result, impermissibly vacates the arbitrator's award in the previous action. At the October 21, 2021 hearing, the Court declined to rule on plaintiffs' request to modify the

November 20, 2020 amended judgment.   The Court instead fashioned a new preliminary injunction based on compelling evidence that defendants' commercial use of the "Singh Michigan" name and logo to promote and sell real estate development and management services – in the same geographic area where plaintiffs offer the same real estate-based services (*i.e.*, Michigan) – would likely mislead customers into believing that defendants are affiliated with plaintiffs' business entities.   Plaintiffs even singled out an instance of actual confusion.   (ECF No. 22-1, PageID.305-06, ¶¶ 4-7;  PageID.308-11).   *See Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 517 (6th Cir. 2013) ("Nothing shows the likelihood of confusion more than the fact of actual confusion."); *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 284 (6th Cir. 1997) ("Evidence of actual confusion is undoubtedly the best evidence of likelihood of confusion.").

Nonetheless, "[c]ourts have long held the power to modify injunctions, whether to narrow or broaden them." *LFP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016).   Injunctions necessarily require "continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Railway Employees v. Wright*, 364 U.S. 642, 647 (1961).   Courts retain the "sound judicial discretion" to alter the injunctive *status quo* "if the circumstances, whether

7

of law or fact, obtaining at the time of [the injunction's] issuance have changed, or new ones have since arisen." *Id.*  "[A] court must continually be willing to redraft the order at the request of the party who obtained equitable relief in order to ensure that the decree accomplishes its intended result." 11A Charles Alan Wright et al., Federal Practice & Procedure § 2961 (3d ed. Apr. 2021 Update).  Given the nature of defendants' most recent conduct, the Court discerns no palpable defect or clear error in its October 25, 2021 preliminary injunction order.

Lastly, defendants maintain that the parties' voluntary submission of the previous action to arbitration, and the resulting November 20, 2020 amended judgment, somehow bars the application of the "Safe Distance Rule" in this case. The Safe Distance Rule is "designed to prevent a proven infringer from evading contempt charges by making only insignificant changes to the infringing mark and continuing its conduct." 5 McCarthy on Trademarks and Unfair Competition § 30:21 (5th ed. Dec. 2021 Update); *see also Innovation Ventures, LLC v. N2G Distrib.*, 763 F.3d 524, 544 (6th Cir. 2014) (noting that the Safe Distance Rule "prevent[s] known infringers from using trademarks whose use by non-infringers would not necessarily be actionable.").

While the October 25, 2021 order is not predicated upon the Safe Distance Rule, defendants failed to supply any authorities (and the Court is aware of none) supporting their contention. (ECF No. 33, PageID.415 n.4).  The predominant

opinion among federal courts, though, is that the voluntary disposition of a previous trademark infringement action *does not* foreclose the application of the Safe Distance Rule in a subsequent proceeding so long as the infringing party is found culpable in an earlier judgment or decree. *See Eskay Drugs, Inc. v. Smith, Kline & French Labs.*, 188 F.2d 430, 431-32 (5th Cir. 1951) (applying the Safe Distance Rule where the parties concluded their previous trademark infringement litigation through a consent judgment "in which it was decreed that the appellants had infringed upon appellee's trade-mark rights"); *Plough, Inc. v. Kreis Labs.*, 314 F.2d 635, 639 (9th Cir. 1963) (declining to enforce the Safe Distance Rule where the consent judgment did not address liability); *North Face Apparel Corp. v. Williams Pharm., Inc.*, No. 09-2029, 2012 U.S. Dist. LEXIS 145987, at *7 (E.D. Mo. Oct. 10, 2012) (holding that the Safe Distance Rule applies to a consent injunction order where defendant accepted responsibility for the initial infringement).

Because the arbitrator in the previous action determined that Darshan and his associated entities had infringed plaintiffs' marks (Case No. 15-11478, ECF No.114, PageID.5431-33), nothing precludes the Court from consulting the Safe Distance Rule to resolve this matter going forward.  Accordingly,

IT IS ORDERED that defendants' motion for reconsideration (ECF No. 33) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file a response (ECF No. 34) and defendants' motion for leave to file a reply (ECF No. 35) are both denied as moot.


                                                         s/Bernard A. Friedman

Dated:  December 3, 2021                 Bernard A. Friedman
          Detroit, Michigan                 Senior United States District Judge