UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SINGH MANAGEMENT CO., LLC, et al.,**<br>Plaintiffs,<br>**v.**<br>**SINGH MICHIGAN HOMES LLC, et al.,**<br>Defendants. | **2:21-CV-12188-TGB-EAS**<br>HON. TERRENCE G. BERG<br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 118)** |

Plaintiffs have moved to recover attorneys' fees and costs after judgment in the underlying case. For the reasons below, Plaintiffs' motion will be **GRANTED** in part.

## I. BACKGROUND

The Court's Opinion and Order of September 22, 2025 resolved Plaintiffs' request for injunctive relief and also authorized them to submit a claim for attorneys' fees. That Order summarized the factual and procedural background of this case, which will not be recounted in detail here.

Plaintiffs originally filed their Complaint on September 16, 2021, alleging multiple claims related to trademark infringement. ECF No. 1, ¶¶ 64–111. Shortly after filing their Complaint, Plaintiffs filed a Motion to Modify Existing Injunction or in the Alternative for a Preliminary

Injunction. ECF No. 11. Defendants filed a Motion to Dismiss on October 8, 2021. ECF No. 16. On October 25, 2021, Judge Bernard A. Friedman granted a preliminary injunction. ECF No. 30. Judge Friedman denied the Motion to Dismiss on January 4, 2022. ECF No. 43. Defendants then filed an Answer on January 25, 2022. ECF No. 4

After discovery and several motions to compel, the Court granted in part Plaintiffs' Motion for Summary Judgment and granted in part Defendants' Motion for Partial Summary Judgment on September 30, 2024. ECF No. 103. On September 22, 2025, this Court granted in part Plaintiffs' Motions for a Permanent Injunction and Attorneys' Fees after finding that the requesting party was the prevailing party and that the case was exceptional. ECF No. 115, PageID.2082–89. Now before this Court is Plaintiffs' Motion for Attorneys' Fees and Costs. ECF No. 118.

## II. STANDARD OF REVIEW

Under § 1117(a) of Title 15 of the United States Code, a court may award reasonable attorneys' fees to the prevailing party "in exceptional cases." When determining the appropriate amount of fees, courts typically begin by determining the lodestar amount, a calculation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

"The party seeking attorney's fees 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Yellowbook Inc. v. Brandeberry*, 708 F.3d

837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). As the Sixth Circuit has explained:

> The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.

*Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (cleaned up). Although "the district court is required to give a clear explanation" of its reasoning, *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004), it "need not, and indeed should not, become green-eyeshade accountants," *Fox v. Vice*, 563 U.S. 826, 838 (2011).

After determining the resulting sum from calculating the lodestar amount, a court must then adjust that figure to ensure that it reflects the result obtained in the litigation. *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997).

## III. DISCUSSION

To determine whether the requested fees are reasonable, the Court will examine whether Plaintiffs' counsel expended reasonable hours and requested reasonable hourly rates. The Court has carefully reviewed the request for fees, supporting briefs, and attached billing records—as well as Defendants' detailed objections to the same. The task is not a pleasant one, essentially involving two well-heeled and resourced parties and law firms arguing over how much of the winner's hundreds of thousands of

dollars in attorneys' fees and costs should be paid by the losing side. For the reasons set forth below, the Court agrees with Defendants that some of the hours detailed by Plaintiffs' counsel are unreasonable and, consequently, the requested fee amount will be reduced.

**A. Hours Expended**

To determine whether the prevailing party has spent a reasonable number of hours litigating a case, courts examine whether the hours submitted by attorneys are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The *Hensley* Court specifically cautioned attorneys from overstaffing their cases. *Id.* And the Sixth Circuit has seemingly approved at least one lower court in applying a 25% reduction "to account for top-heavy billing by partners for work that could have been performed by associates." *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 596 (6th Cir. 2008). Still, "the fact that partner-level attorneys handled the majority of the litigation does not warrant a reduction in their hourly rates." *Dice Corp. v. Bold Techs. Ltd.*, No. 11-CV-13578, 2014 WL 2763618, at *26 (E.D. Mich. June 18, 2014).

Further, when discussing the total hours, defendants should be cautious not to argue that a plaintiff's counsel has worked too many hours when those hours are the result of them thoroughly defending themselves. *See Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-CV-01125, 2017 WL 6389679, at *8 (M.D. Tenn. June 21, 2017) ("Defendant has

thoroughly defended itself throughout this case and should not now complain about opposing counsel's time expenditure.").

Defendants raise several objections to the hours Plaintiffs' counsel expended: (1) the totals forwarded are not substantiated by the invoices; (2) several of the hours were outside of the scope of this Court's award; and (3) Plaintiff's counsel expended excessive hours and overstaffed the case. ECF No. 119, PageID.2908–22. The Court will address each of these arguments in turn.

1. Unsubstantiated Costs

Plaintiffs concede that several of the costs provided in the initial request for fee awards were unsubstantiated. ECF No. 120, PageID.2942–43. But Plaintiffs explain that the reason for this discrepancy is a clerical error from failing to attach its September 16, 2021 bill. *Id.* at PageID.2943. They also note several other errors related to rate miscalculation and including fees for separate matters. *Id.* In their Reply, Plaintiffs corrected these discrepancies, leaving their request for $794,925.50 in fees for Williams Mullen largely substantiated by the provided documentation.

2. Hours Outside of the Scope of This Court's Award

Defendants next argue that some of the hours included in Plaintiffs' fee request are still unreasonable even if substantiated because they involve work outside the scope of this Court's award. On September 22, 2025, this Court held that Plaintiffs were entitled to fees incurred "in

litigating the issues of Defendant's willful infringement, the propriety and scope of the permanent injunction, and the *initial* motion to hold Defendant in contempt." (emphasis in original). Defendants argue that Plaintiffs have violated these instructions in two ways: by requesting fees for pre-litigation services and for hours spent on the second motion for contempt. ECF No. 119, PageID.2913–14.

Section 1117(a) does not explicitly address whether pre-complaint activities are recoverable. However, courts have granted such fees in other statutory contexts. *See Cox v. Shelby State Community College*, 194 F. App'x 267, 278 (6th Cir. 2006) (stating that "time spent beforehand investigating the facts and researching the viability of potential legal claims" is recoverable under Title VII and § 1988); *Kramer v. Paul Revere Life Ins. Co.*, No. 04-CV-74362, 2009 WL 2849067, at *8 (E.D. Mich. Sept. 1, 2009) (stating that "work done on pre-filing activities, such as the preparation of the complaint, can be recoverable" in an ERISA case); *Priddy v. Fed. Express Corp.*, No. 03-2664 D/P, 2007 WL 9710175 (W.D. Tenn. June 8, 2007), *report and recommendation adopted*, No. 03-2664, 2007 WL 9710174 (W.D. Tenn. June 19, 2007) (finding that "counsel's time spent before filing the complaint" was reasonable in a Title VII case). Given § 1117(a)'s requirement that attorney fees be reasonable, the Court finds the principles outlined in the cases above as applicable, especially the Sixth Circuit's discussion of § 1988, which contains similar language.

But the mere fact that pre-litigation fees are recoverable does not end this Court's inquiry. They still must be reasonable. Defendants point out that some of the costs listed by Plaintiffs are for more than simply researching and drafting the Complaint. Instead, they involve "investigating, researching, drafting, finalizing, and transmitting a cease-and-desist letter nearly two months before filing this lawsuit, as well as pre-litigation exchanges with Defendants." ECF No. 119, PageID.2913. These expenses are reasonable.

First, it is likely that many of the activities involved in drafting the cease-and-desist letter had direct applicability to drafting the complaint. *See North Carolina Dep't of Transp. v. Crest Street Cmty. Council*, 479 U.S. 6, 15 (1986) (stating that the "discrete portion of the work product" from a previous proceeding that was "both useful and of a type ordinarily necessary" to advance litigation can be part of a fee award). Second, the 6.9 hours spent on drafting the demand letter and communicating with Defendants is reasonable. *See Laney v. Getty*, No. CIV.A. 5:12-306-DCR, 2014 WL 5167528, at *4 (E.D. Ky. Oct. 14, 2014) (stating that the 5.6 hours spent "negotiating settlement of a dispute and drafting demand or settlement documents is a necessary expense of litigation"). Thus, the Court will not reduce the fee award based on Plaintiffs' inclusion of pre-litigation expenses

The Court similarly rejects Defendants' argument regarding hours involving Plaintiffs' second contempt motion. Defendants are justified in

being concerned that Plaintiffs have included hours on both motions based on the exhibits Defendants included in their response. ECF No. 119-3, PageID.2933–35. But Plaintiffs have resolved the Court's concerns about potentially billing hours outside of this Court's award. Richard T. Matthews, counsel for Plaintiffs, under penalty of perjury, declared in his affidavit the following:

> I reviewed any block entries that included time for work on both the motion for a permanent injunction and/or attorney's fees and the second contempt motion, and I reduced by at least a 1/3 (but often more) if the work was on all three issues, or ½ if the work was on only one of either the injunction or fees and the second contempt motion. I conducted this review very carefully, resulting in a reduction of $25,056.50 over what was originally charged to the client, as reflected in Exhibit 1-D. So that there is no question, Singh is not seeking and did not include any time for the second contempt motion.

ECF No. 120-1, PageID.2953; *see also* ECF No. 120-5, PageID.2975 (highlighting the $25,056.50 difference between the fees charged to Plaintiffs and fees requested). Based on this explanation and accompanying documentation, the Court is satisfied with Plaintiffs' declaration that none of the hours listed are beyond the scope of this Court's award.

3. Excessive Fees and Overstaffing

Finally, Defendants argue that Plaintiffs overstaffed this case, where they "knew from the outset there were no actual damages or profits, no sales at case commencement, and in which their main avenue

for recovery would be attorneys' fees." ECF No. 119, PageID.2899. Even though this litigation was a "straightforward dispute resolved at an early, preliminary stage and minimal discovery activity," the Defendants argue that "Plaintiffs staffed this matter with a large, rotating team of senior lawyers and timekeepers who spent excessive time on routine tasks, repeatedly revised one another's work, held serial internal conferences, and block-billed mixed tasks." ECF No. 119, PageID.2918. Minus the snark, some of the Defendants' critique is well-founded.

The records show that Plaintiffs employed 12 attorneys, six of whom billed their time at over $500 per hour. ECF No. 118, PageID.2105–07. The billings of these six attorneys account for the lion's share of the 1600+ hours submitted to the Court. *Id.* This was not a case that went to trial. Instead, the Court entered a permanent injunction against the Defendant, ECF No. 115, without oral argument, ECF No. 114. According to Defendants, the discovery process was "mild." ECF No. 119, PageID.2904. While the process involved "several motions to compel, meet and confers, and engagements with this Court," ECF No. 118, PageID.2114, "Plaintiffs were confronted with a mere 4,419 pages of documents to review in the entire case." ECF No. 119, PageID.2905. Based on Defendants' account, Plaintiffs seek recovery for a straightforward case with limited discovery and eighteen substantive briefs, written largely by senior attorneys. ECF No. 119, PageID.2903; *see also* ECF No. 119, PageID.2921–22.

Although the Court finds that this case does seem heavily staffed with senior attorneys, that abstraction alone does not invalidate the reasonableness of the submitted hours. *See Dice Corp.*, 2014 WL 2763618, at *26. Additionally, Defendants argue that the case should not have required "re-research, re-drafting, and gross overbilling and overstaffing," ECF No. 119, PageID.2921, yet they accept no accountability for their own role in extending this litigation. Defendants filed a Motion to Dismiss, a Motion for Reconsideration of the Order Granting Plaintiffs' Preliminary Injunction, an appeal to the Sixth Circuit, and a Motion for Partial Summary Judgment. ECF Nos. 16, 33, 39, 95. If the case were so simple, Defendants should have been able to reach a quick agreement. *See Hawkins*, 2017 WL 6389679, at *8. Indeed, this Court previously noted that Plaintiffs had an unusually strong case. ECF No. 115, PageID.2083. But seeing it differently, Defendants chose to vigorously defend their case.

The Court also disagrees with Defendants' argument related to Plaintiff's block billing. The Sixth Circuit authorizes block billing where "the description of the work performed is adequate." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014). The Court is satisfied with the descriptions provided by Plaintiffs. The only descriptions that Defendants seem to take issue with are those relating to the joint filing for contempt and permanent injunction, which the Court has previously addressed.

The Defendants' argument regarding excessive time provides little explanation as to how the various filings provided by Plaintiff should be considered excessive. Defendants essentially claim that each subsequent brief or filing should have taken less time than the last because the issues were all the same. ECF No. 119, PageID.2921. But Defendants fail to point to any particular filing that was especially redundant and offer little in the way of explanation as to "*why* the hours are excessive" for any of the mentioned filings. *N.E. Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 708 (6th Cir. 2016) (emphasis in original). In *Coalition for the Homeless*, the defendants argued that plaintiff teams spent far too many hours on several filings. *Id.* at 707. Six attorneys worked on a complaint for 300 hours, 13 attorneys worked on a different brief for 190 hours, and 11 attorneys worked on a separate motion for 150 hours. *Id.* But the Sixth Circuit deferred to the "district court's overall assessment of hours reasonably expended." *Id.* at 708. That district court approved the submitted hours. *Id.*

Despite Defendants' lack of specificity, the Court still concludes that some reduction is warranted. This case never went to trial; it involved only three fact depositions and zero experts; and it does feature a senior-heavy team which caused the fees to be higher than necessary. ECF No. 119, PageID.2920–21. Under such circumstances, the number of hours billed, reaching nearly 1700, is excessive. And while having a senior-heavy team does not always warrant a reduction, the Court finds

this case particularly concerning. The lead attorney for Williams Mullen, billing over $550 per hour, accounted for over 40% of the firm's hours. ECF No. 118-2, PageID.2126–27. In contrast, the four Williams Mullen attorneys who staffed the case only as associates accounted for about 18% of the firm's hours. *Id.* A disparity that broad justifies a reduction. But because the Court recognizes that Defendants' own vigorous defense fueled the litigation as well, the reduction will be minimal—10%.

### B. Hourly Rates

In the Sixth Circuit, "courts use as a guideline the prevailing market rate, which is defined as 'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Coalition for the Homeless*, 831 F.3d at 715 (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). That rate is not exactly the rate of the particular firm, "but the market rate in the venue sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Coalition for the Homeless*, 831 F.3d at 715–16. In making its determination, a district court may consider "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011). Courts can also consider the "well-defined billing rates" of private attorneys. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995).

Plaintiffs have provided sufficient documentation to justify the rates requested in this case. The rates for the Williams Mullen partners ($553.11, $564.63, and $564.55, respectively) are within the median and third quartile rates charged by partners with comparable experience. ECF No. 118-4, PageID.2402. The rates for the remaining Williams Mullen attorneys (ranging from $300–$490) are below the third quartile. *Id.* at PageID.2406. The rate charged by Mr. Smith ($175) is well below the first quartile for intellectual property attorneys. ECF No. 118-7, PageID.2806. The rates charged by the Miller Canfield attorneys ($643.71, $623.03, and $560, respectively), although quite high, are also reasonable. Those attorneys are still charging less than the 95th percentile for intellectual property attorneys in Michigan. ECF No. 118-7, PageID.2806. Since Mr. Allen and Mr. Cranmer have consistently been voted as leading lawyers in the state, the Court finds no need to disturb the rate submitted. Based on the provided documentation and a lack of objections by Defendants, the Court finds the rates themselves reasonable.

**C. Lodestar Amount**

Based on the discussion above, the Court only applies a 10% reduction to Plaintiffs' requested attorneys' fees. Defendants have posited no other grounds for reducing the award, and this Court finds no other basis. Because the Court specifically takes issue with the fees requested by Williams Mullen, only that firm's fees will be reduced by

10%. Thus, the Court reduces the total fees sought from $831,077 to $751,584.45. The fees requested by Miller Canfield and Cardelli Lanfear P.C. will be granted as requested in Exhibit 1 of Plaintiffs' Reply.

**D. Costs**

The Court disagrees with Defendants that the costs Plaintiffs incurred were unreasonable. The only cost that Defendants directly dispute is the cost of database hosting. ECF No. 119, PageID.2909–10. In doing so, Defendants specifically dispute the fact that Plaintiffs paid for these services for months when the litigation was slow-moving. *Id.* at PageID.2910. But Plaintiffs explain that they were unsure of when the Court would rule on the summary judgment motions and were concerned about deleting discovery while the case was still ongoing. ECF No. 120, PageID.2942. The Court finds that Plaintiffs have the better of the argument. With the case not being fully closed, Plaintiffs had reason to believe that maintaining documents could be important. Because Plaintiffs' conduct is not out of the ordinary, the Court concludes that Plaintiffs' costs are reasonable.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** in part Plaintiffs' Motion for Attorneys' Fees (ECF No. 118).

**SO ORDERED.**

Dated: September 30, 2026

s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE